FILED by **MM** D.C.

**Nov 17, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
# 22-20560-CR-WILLIAMS/REID
Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

**ARISLEIDYS FERNANDEZ DELMAS,**
**LEIDYS DELMAS GARCIA,**
**PEDRO HUGO PRIETO GARCIA,**
**EMILIANO JOAQUIN GARCIA,**
**GABRIEL JAIME MEJIA,**
**DAIMARA BORROTO GARCIA, and**
**ELIAS CAISES MAURINO,**

     **Defendants.**

_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Commercial Insurance

1. Employers JetBlue Airways ("JetBlue"), AT&T Inc. ("AT&T"), and TJX Companies Inc. ("TJX") offered Administrative Services Only ("ASO") insurance plans to their employees. These employers contracted with the commercial insurance company Blue Cross Blue Shield ("BCBS") to handle the administrative tasks such as billing, claims handling, and claims payment with respect to claims submitted on behalf of their employees. These ASO insurance

plans reimbursed BCBS for the money BCBS paid out for health benefits for their employees.

2.      BCBS and the ASO insurance plans offered by JetBlue, AT&T, and TJX and managed by BCBS were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

3.      BCBS often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.

4.      To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan.   The claim forms were typically submitted electronically via the internet.  The claim form required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

5.      When a provider submitted a claim form to a commercial insurance plan such as those managed by BCBS, the provider certified that the contents of the form were true, correct, and complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care claims.  The provider also certified that the

services being billed were medically necessary and were, in fact, provided as billed.

## The Defendants and Related Entities

6.     Amethyst Rehabilitation Center Inc. ("Amethyst Rehab") was a Florida corporation located at 8100 West Flagler Street, Suite #200, Miami, Florida. Amethyst Rehab was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

7.     Blue Diamond Rehabilitation Center LLC ("Blue Diamond") was a Florida corporation located at 8300 West Flagler Street, Suite #254, Miami, Florida. Blue Diamond was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

8.     Boise Medical Center Inc. ("Boise Medical") was a Florida corporation located at 7715 Northwest 48th Street, Doral, Florida. Boise Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

9.     Fenix Medical Center LLC ("Fenix Medical") was a Florida corporation located at 7715 Northwest 48th Street, Suite #350, Doral, Florida. Fenix Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

10.    Fernandez Medical Center LLC ("Fernandez Medical") was a Florida corporation located at 395 Southwest 80th Avenue, Miami, Florida. Fernandez Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

11.    Friend Rehabilitation Center LLC ("Friend Rehab") was a Florida corporation located at 2141 Southwest 1st Street, Suite #206C, Miami, Florida. Friend Rehab was a medical

clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

12.    Genesis Rehabilitation Center LLC ("Genesis Rehab") was a Florida corporation located at 2141 Southwest 1st Street, Suite #206B, Miami, Florida.  Genesis Rehab was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

13.    Hernandez Medical Center LLC ("Hernandez Medical") was a Florida corporation located at 8300 West Flagler Street, Suite #254D, Miami, Florida.  Hernandez Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

14.    Herrera Medical Center LLC ("Herrera Medical") was a Florida corporation located at 8300 West Flagler Street, Suite #254D, Miami, Florida.   Herrera Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

15.    Hope Rehabilitation Center LLC ("Hope Rehab") was a Florida corporation located at 4620 North Habana Avenue, Suite #202, Tampa, Florida.  Hope Rehab was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

16.    Isaias Medical Center LLC ("Isaias Medical") was a Florida corporation located at 397 Southwest 80th Avenue, Suite #305B, Miami, Florida.  Isaias Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

17.    Jade Medical Center LLC ("Jade Medical") was a Florida corporation located at

8300 West Flagler Street, Suite #254D, Miami, Florida. Jade Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

18.     LDG Medical Center LLC ("LDG Medical") was a Florida corporation located at 4485 Stirling Road, Davie, Florida. LDG Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

19.     Love Massage Medical Center Inc. ("Love Massage") was a Florida corporation located at 8300 West Flagler Street, Miami, Florida. Love Massage was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

20.     Lovely Medical Center Inc. ("Lovely Medical") was a Florida corporation located at 7235 Coral Way #208, Miami, Florida. Lovely Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

21.     Mateo Rehabilitation Center LLC. ("Mateo Rehab") was a Florida corporation located at 2141 Southwest 1st Street, Suite #206B, Miami, Florida. Mateo Rehab was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

22.     Moros Massage Medical Center, LLC ("Moros Massage") was a Florida corporation located at 8300 West Flagler Street, Suite 254D, Miami, Florida 33144. Moros Massage was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

23.     Onyx Medical Center LLC ("Onyx Medical") was a Florida corporation located at 8300 West Flagler Street, Suite #254D, Miami, Florida. Onyx Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

24.     Pain Relief Center of Hialeah LLC ("Pain Relief") was a Florida corporation

located at 1140 West 50th Street, Suite #307A, Hialeah, Florida. Pain Relief was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

25.     Phoenix Rehab Center Corp. ("Phoenix Rehab") was a Florida corporation located at 8500 West Flagler Street, Suite #106, Miami, Florida. Phoenix Rehab was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

26.     Prado Rehabilitation Center LLC ("Prado Rehab") was a Florida corporation located at 2141 Southwest 1st Street, Suite #206, Miami, Florida. Prado Rehab was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

27.     Renacer Medical Center LLC ("Renacer Medical") was a Florida corporation located at 7715 Northwest 48th Street, Suite #350, Doral, Florida. Renacer Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

28.     San Judas Tadeo Physical Therapy Center LLC ("San Judas") was a Florida corporation located at 2141 Southwest 1st Street, Suite #206A, Miami, Florida. San Judas was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

29.     The Best Always for You LLC ("Best Always") was a Florida corporation located at 8390 West Flagler Street, Suite #206, Miami, Florida. Best Always was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

30.     Yemaya Medical Center LLC ("Yemaya Medical") was a Florida corporation

located at 2141 Southwest 1st Street, Suite #206A, Miami, Florida. Yemaya Medical was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

31. Defendant **ARISLEIDYS FERNANDEZ DELMAS** was a resident of Miami-Dade County, and one of the true owners and managers of Amethyst Rehab, Blue Diamond, Boise Medical, Fenix Medical, Fernandez Medical, Friend Rehab, Genesis Rehab, Hernandez Medical, Herrera Medical, Hope Rehab, Isaias Medical, Jade Medical, LDG Medical, Love Massage, Lovely Medical, Mateo Rehab, Moros Massage, Onyx Medical, Pain Relief, Phoenix Rehab, Prado Rehab, Renacer Medical, San Judas, Best Always, and Yemaya Medical (collectively, the "Medical Clinics").

32. Defendant **LEIDYS DELMAS GARCIA** was a resident of Miami-Dade County, and one of the true owners and managers of the Medical Clinics.

33. Defendant **PEDRO HUGO PRIETO GARCIA** was a resident of Miami-Dade County, and one of the true owners and managers of the Medical Clinics.

34. Defendant **EMILIANO JOAQUIN GARCIA** was a resident of Broward County and an employee of JetBlue.

35. Defendant **GABRIEL JAIME MEJIA** was a resident of Broward County and an employee of JetBlue.

36. Defendant **DAIMARA BORROTO GARCIA** was a resident of Broward County, an operator of the Medical Clinics, and a nominee owner of LDG Medical, Onyx Medical, San Judas, and Yemaya Medical.

37. Defendant **ELIAS CAISES MAURINO** was a resident of Miami-Dade County, an operator of the Medical Clinics, and a nominee owner of Amethyst Rehab, Genesis Rehab,

Jade Medical, Onyx Medial, and Prado Rehab.

## COUNT 1
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      From in or around October 2018, and continuing through in or around November 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ARISLEIDYS FERNANDEZ DELMAS,
LEIDYS DELMAS GARCIA,
PEDRO HUGO PRIETO GARCIA,
EMILIANO JOAQUIN GARCIA,
GABRIEL JAIME MEJIA,
DAIMARA BORROTO GARCIA, and
ELIAS CAISES MAURINO,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## PURPOSE OF THE CONSPIRACY

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) offering and paying kickbacks and bribes to BCBS beneficiaries to induce them to serve as patients at the Medical Clinics; (b) offering and paying kickbacks and bribes to patient recruiters in return for referring BCBS beneficiaries to the Medical Clinics; (c) submitting and causing the submission of false and fraudulent claims to BCBS; (d) concealing the submission of false and fraudulent claims to BCBS; (e) concealing the receipt and transfer of the fraud proceeds; and (f) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA,** and **PEDRO HUGO PRIETO GARCIA** offered and paid kickbacks and bribes to beneficiaries of BCBS and ASO insurance plans managed by BCBS in return for allowing the Medical Clinics to submit false and fraudulent health insurance claims to BCBS for health care benefits that were medically unnecessary and not provided to the beneficiaries as represented.

5.      **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA,** and **PEDRO HUGO PRIETO GARCIA** offered and paid kickbacks and bribes to their co-conspirators, including **EMILIANO JOAQUIN GARCIA** and **GABRIEL JAIME MEJIA,** in return for referring BCBS beneficiaries to the Medical Clinics to be used to submit false and fraudulent health insurance claims to BCBS for health care benefits that were medically unnecessary and not provided to the beneficiaries as represented.

6.    **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA,** and **PEDRO HUGO PRIETO GARCIA** paid licensed massage therapists, including **DAIMARA BORROTO GARCIA** and **ELIAS CAISES MAURINO,** to act as nominee owners and operators of several of the Medical Clinics, to allow the conspirators to avoid various medical clinic licensing requirements.

7.    **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, EMILIANO JOAQUIN GARCIA, GABRIEL JAIME MEJIA, DAIMARA BORROTO GARCIA,** and **ELIAS CAISES MAURINO** submitted and caused the Medical Clinics to submit claims to BCBS which falsely and fraudulently represented that various health care benefits had been provided by the Medical Clinics to beneficiaries of BCBS and ASO insurance plans managed by BCBS.

8.    As a result of such false and fraudulent claims, BCBS made payments to the Medical Clinics through the corporate bank accounts of the Medical Clinics.

9.    **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, EMILIANO JOAQUIN GARCIA, GABRIEL JAIME MEJIA, DAIMARA BORROTO GARCIA, ELIAS CAISES MAURINO,** and their co-conspirators used the proceeds of the health care fraud for their personal use and benefit, the use and benefit of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-10
### Health Care Fraud
### (18 U.S.C. § 1347)

1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.　　　From in or around October 2018, and continuing through in or around November 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ARISLEIDYS FERNANDEZ DELMAS,**
**LEIDYS DELMAS GARCIA,**
**PEDRO HUGO PRIETO GARCIA,**
**EMILIANO JOAQUIN GARCIA,**
**GABRIEL JAIME MEJIA,**
**DAIMARA BORROTO GARCIA, and**
**ELIAS CAISES MAURINO,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

**PURPOSE OF THE SCHEME AND ARTIFICE**

3.　　　It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) offering and paying kickbacks and bribes to BCBS beneficiaries to induce them to serve as patients at the Medical Clinics; (b) offering and paying kickbacks and bribes to patient recruiters in return for referring BCBS beneficiaries to the Medical Clinics; (c) submitting and causing the submission of false and fraudulent claims to BCBS; (d) concealing the submission of false and fraudulent claims to BCBS; (e) concealing the receipt and transfer of the fraud proceeds; and (f) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4.      The allegations contained in paragraphs 4 through 9 of the Manner and Means of the Conspiracy section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

5.      On or about the dates and for the defendants specified below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, in that the defendants caused the submission of claims to BCBS which falsely and fraudulently represented that physical therapy services had been provided by the Medical Clinics to beneficiaries of BCBS and ASO insurance plans managed by BCBS, as set forth below:

| Count | Approx. Date Claim Received | Defendants | Medical Clinic | Beneficiary | Claim Number; Approx. Amount Claimed |
|-------|----------------------------|------------|----------------|-------------|--------------------------------------|
| 2 | December 20, 2018 | ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, and PEDRO HUGO PRIETO GARCIA | Pain Relief | M.M. | H100000713457740; $5,200 |
| 3 | June 22, 2019 | ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, and EMILIANO JOAQUIN GARCIA | Best Always | R.G. | H100000750107910; $5,775 |

| Count | Approx. Date Claim Received | Defendants | Medical Clinic | Beneficiary | Claim Number; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 4 | January 6, 2020 | ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, and EMILIANO JOAQUIN GARCIA | Love Massage | T.P. | H100000788573820; $6,500 |
| 5 | February 17, 2020 | ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, EMILIANO JOAQUIN GARCIA, and GABRIEL JAIME MEJIA | Isaias Medical | W.B. | H100000797220101; $9,150 |
| 6 | June 15, 2020 | ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, and PEDRO HUGO PRIETO GARCIA | Fernandez Medical | S.D. | H100000818004498; $9,150 |
| 7 | March 31, 2021 | ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, GABRIEL JAIME MEJIA, and DAIMARA BORROTO GARCIA | LDG Medical | J.M.T. | H100000878540420; $5,880 |
| 8 | September 1, 2021 | ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, and GABRIEL JAIME MEJIA | Hope Rehab | E.O.R. | H100000914057806; $7,600 |

| Count | Approx. Date Claim Received | Defendants | Medical Clinic | Beneficiary | Claim Number; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 9 | September 4, 2021 | **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA,** and **PEDRO HUGO PRIETO GARCIA** | Boise Medical | K.S. | H100000915032739; $7,000 |
| 10 | September 7, 2021 | **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA,** and **ELIAS CAISES MAURINO** | Jade Medical | D.M. | H100000915455695; $2,140 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations contained in this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America certain property in which the defendants, **ARISLEIDYS FERNANDEZ DELMAS, LEIDYS DELMAS GARCIA, PEDRO HUGO PRIETO GARCIA, EMILIANO JOAQUIN GARCIA, GABRIEL JAIME MEJIA, DAIMARA BORROTO GARCIA,** and **ELIAS CAISES MAURINO,** have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1347, or a conspiracy to commit such offense, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3.      If any of the property subject to forfeiture, as a result of any act or omission of any

defendant:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with a third party;

        (c)      has been placed beyond the jurisdiction of the Court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be subdivided

        without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of

Title 21, United States Code, Section 853(p).

        All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth

at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code,

Section 982(b)(1).

A TRUE BILL

_____

FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
MICHAEL B. HOMER
ASSISTANT UNITED STATES ATTORNEY

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

ARISLEIDYS FERNANDEZ DELMAS,
et al.,

_____/
                    Defendants.

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
☑ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.   Interpreter: (Yes or No) _Yes_
     List language and/or dialect: _Spanish_

4.   This case will take _7-8_ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                   (Check only one)
     I    ☐ 0 to 5 days                ☐ Petty
     II   ☑ 6 to 10 days               ☐ Minor
     III  ☐ 11 to 20 days              ☐ Misdemeanor
     IV   ☐ 21 to 60 days              ☑ Felony
     V    ☐ 61 days and over

6.   Has this case been previously filed in this District Court? (Yes or No) _No_
     If yes, Judge _____   Case No. _____

7.   Has a complaint been filed in this matter? (Yes or No) _No_
     If yes, Magistrate Case No. _____

8.   Does this case relate to a previously filed matter in this District Court? (Yes or No) _No_
     If yes, Judge _____   Case No._____

9.   Defendant(s) in federal custody as of _____

10.  Defendant(s) in state custody as of _____

11.  Rule 20 from the _____ District of _____

12.  Is this a potential death penalty case? (Yes or No) _No_

13.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) _No_

14.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) _No_

By:   _Michael B Homer_   _____
      Michael B. Homer
      Assistant United States Attorney
      Court ID No.   A5502497

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   ARISLEIDYS FERNANDEZ DELMAS

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

**\* Max. Term of Imprisonment:** Ten (10) Years
**\* Mandatory Min. Term of Imprisonment (if applicable):**
**\* Max. Supervised Release:** Three (3) Years
**\* Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Counts #: 2-10

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Term of Imprisonment:** Ten (10) Years Per Count
**\* Mandatory Min. Term of Imprisonment (if applicable):**
**\* Max. Supervised Release:** Three (3) Years
**\* Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**:   LEIDYS DELMAS GARCIA

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

* **Max. Term of Imprisonment:** Ten (10) Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Counts #: 2-10

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Term of Imprisonment:** Ten (10) Years Per Count
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:**   PEDRO HUGO PRIETO GARCIA

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

**\* Max. Term of Imprisonment:** Ten (10) Years
**\* Mandatory Min. Term of Imprisonment (if applicable):**
**\* Max. Supervised Release:** Three (3) Years
**\* Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Counts #: 2-10

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Term of Imprisonment:** Ten (10) Years Per Count
**\* Mandatory Min. Term of Imprisonment (if applicable):**
**\* Max. Supervised Release:** Three (3) Years
**\* Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  EMILIANO JOAQUIN GARCIA

**Case No**: _____

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

* **Max. Term of Imprisonment:** Ten (10) Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Counts #: 3-5

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Term of Imprisonment:** Ten (10) Years Per Count
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   GABRIEL JAIME MEJIA

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

* **Max. Term of Imprisonment:** Ten (10) Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Counts #: 5, 7, and 8

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Term of Imprisonment:** Ten (10) Years Per Count
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**:   DAIMARA BORROTO GARCIA

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

**\* Max. Term of Imprisonment:** Ten (10) Years
**\* Mandatory Min. Term of Imprisonment (if applicable):**
**\* Max. Supervised Release:** Three (3) Years
**\* Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Count #: 7

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Term of Imprisonment:** Ten (10) Years Per Count
**\* Mandatory Min. Term of Imprisonment (if applicable):**
**\* Max. Supervised Release:** Three (3) Years
**\* Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   ELIAS CAISES MAURINO

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

* **Max. Term of Imprisonment:** Ten (10) Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Count #: 10

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Term of Imprisonment:** Ten (10) Years Per Count
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**